

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-23-2008

# Maliqi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3169

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Maliqi v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 06-3169
_____

JASHAR MALIQI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A98-166-889)
Immigration Judge: Honorable Esmeraldo Cabrera

_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2008

Before: FISHER, HARDIMAN and STAPLETON, *Circuit Judges*.

(Filed:  January 23, 2008)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Appellant Jashar Maliqi petitions for review of an order of the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because we write for the parties, we recite only the facts essential to our decision.

I.

Maliqi is an ethnic Albanian citizen of Kosovo who entered the United States on November 5, 2003. Maliqi testified that throughout the 1990s, he had been arrested, detained, threatened, and once beaten by Serbian officials. Later, as part of the Serbian incursion in March of 1999, Maliqi was forced from Kosovo with other ethnic Albanians. His father, unable to evacuate due to illness, was killed by Serbian police forces. Maliqi relocated to Albania where he remained until NATO forces cleared the way for his return in June of 1999.

Maliqi testified that upon returning to Kosovo, he resumed his political activities with the Democratic League of Kosovo (DLK) and served as an election observer in 2001. Because of his affiliation with the DLK, Maliqi claimed that twice he was targeted for persecution. First, Maliqi testified that while he was monitoring the 2001 elections, "unknown persons" threatened him to quit his political activities. Second, he claimed that two years later several Albanian-speaking men entered his taxicab and held a gun to his head. The men beat Maliqi for several hours, told him to terminate his political activities

2

with the DLK, and left him unconscious in the street. Maliqi left Kosovo shortly after this incident, but his wife and four children remain there.

II.

We review final orders of removal under 8 U.S.C. § 1252(a)(1). Where the BIA adopts and expands upon the findings of the IJ, we review both decisions. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Whether the applicant has met his burden of establishing eligibility for asylum is a factual determination reviewed under the substantial evidence standard. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). If substantial evidence supports the decisions below, we will affirm "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Dia v. Ahscroft*, 353 F.3d 228, 247 (3d Cir. 2003).

Despite this deferential standard, we must have *something* to review. *Abdulai v. Ashcroft*, 239 F.3d 542, 555 (3d Cir. 2001). The agency must provide not only some insight into its reasoning, but also an explanation whether its dismissal of an applicant's petition is based on a legal or factual determination. *Awolesi v. Ashcroft*, 341 F.3d 227, 232 (3d Cir. 2003). In addition, where the BIA or the IJ discredits an applicant's testimony, it should explain "why or what aspects of the accounts it found unbelievable." *Id*. (citing *Abdulai*, 239 F.3d 542 and *Sotto v. I.N.S.*, 748 F.2d 832 (3d Cir. 1984)).

3

III.

The gravamen of Maliqi's appeal is that the agency's decisions fail to specify the legal bases upon which they are predicated, and thus foreclose proper appellate review. We agree because although the agency's decision alludes to at least four grounds for denying Maliqi's application, none is determinative.

First, the IJ suggested that Maliqi's testimony was "sketchy" and implausible. But neither the IJ nor the BIA explain what aspects of Maliqi's testimony were unbelievable. *See Awolesi*, 341 F.3d at 232. Even more fundamentally, the agency failed to state whether it was making an adverse credibility determination.

Second, the IJ characterized Maliqi's testimony as "lacking in specificity" and "based on speculation," which suggests that the IJ found Maliqi's testimony uncorroborated. But the agency neither identified the portions of Maliqi's testimony for which it would be reasonable to expect corroboration, nor proceeded through the second or third steps we established in *Voci v. Gonzales*, 409 F.3d 608, 616-17 (3d Cir. 2005) (quoting *Abdulai*, 239 F.3d at 554), which require: "(2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so."

Third, the IJ indicated that it was "unclear" whether Maliqi had suffered past persecution for purposes of political asylum under 8 U.S.C. § 1158. Because Maliqi

4

could not definitively identify the ethnicity and motivation of his attackers on various occasions, the IJ found his claim of past persecution speculative. However, the agency never determined whether Maliqi failed to show past persecution, much less whether that failure was because the attacks he suffered were not severe enough to constitute a "threat to life or freedom," *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) (citing *Fatin v. I.N.S.*, 12 F.3d 1233, 1240 (3d Cir. 1993)), or because they were not "on account of" his "religion, nationality, membership in a particular social group, or political opinion." *Id.* at 535 (citing 8 U.S.C. § 1101(a)(42)(A) and 8 C.F.R. § 1208.13(b)(1)).

Finally, the IJ stated, "I cannot conclude . . . that there is a well-founded fear of future persecution," explaining:

> I also note that there is a lack of anything that would rebut a presumption of any well-founded fear of future persecution in this case. It's clear from the background documentation submitted that there's been a fundamental change in circumstances in Kosovo . . . .

(App. 13). This explanation is inadequate and contradictory. The presumption of future persecution arises only after a petitioner establishes past persecution, and it is the government's burden to rebut this presumption with evidence of changed circumstances. *See Lukwago v. Ashcroft*, 329 F.3d 157, 174 (3d Cir. 2003). Here, because the IJ never determined that Maliqi suffered past persecution, the reference to an unrebutted presumption of future persecution is a *non sequitur*. If the IJ found that Maliqi suffered no past persecution, there would be no presumption of future persecution to rebut, and

5

Maliqi would bear the burden of showing his "subjective fear of persecution . . . supported by objective evidence that persecution is a reasonable possibility." *Id*. at 175.

If, on the other hand, the IJ determined that Maliqi suffered past persecution, a rebuttable presumption of future persecution would arise. *Id*. at 174. The government could then rebut this presumption with evidence of "a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." *Id*. (citing 8 C.F.R. § 208.13(b)(1)(I)). As far as we can tell, the IJ and BIA apparently believed that such evidence of changed circumstances existed. But neither the IJ nor the BIA explained what had changed in Kosovo and why such changes were relevant to evaluating Maliqi's allegedly well-founded fear of future persecution.

IV.

In sum, the decisions of the IJ and BIA are sufficiently vague, incomplete, and contradictory that we lack sufficient basis for proper review of Maliqi's claims. Accordingly, we will remand this case to the Board of Immigration Appeals for subsequent agency action consistent with this opinion.